

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** _04/21/2020_

**JAMES E. JOHNSON**
*Corporation Counsel*

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MARIA FERNANDA DECASTRO**
*Senior Counsel*
phone: (212) 356-2658
fax: (212) 356-3509
mdecastr@law.nyc.gov

April 20, 2020

**VIA ECF**
Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Defendant, the City of New York's Motion to Dismiss will be due on **May 5, 2020** and its responses to this Court's Valentin order will be due on **July 20, 2020**.  The initial conference scheduled for April 23, 2020 is hereby adjourned to **July 22, 2020 at 9:30 a.m.** A copy of this Order has been mailed to Plaintiff by Chambers.
>
> **SO ORDERED:**
>
> *Katharine H Parker*
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE

Re:    Lurch, Jr. v. The City of New York, et al., 19-CV-11253 (AJN) (KHP)   4/21/2020

Your Honor:

I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to represent the City of New York in the above-referenced matter.[1]  I write respectfully to request: (1) that the Court stay this office's response to the Court's Valentin Order for 90-days due to the ongoing public health emergency; (2) an adjournment of the initial conference scheduled for April 23, 2020 to a later date that corresponds with the aforementioned request for stay; and (3) a brief extension of time to file defendant City of New York's motion to dismiss plaintiff's complaint from April 21, 2020 to May 5, 2020.  This request is submitted without plaintiff's consent as attempts to communicate with plaintiff have been frustrated by recent quarantine measures taken at his institution.[2]  This is this office's first of such requests.

---

[1]  This case has been assigned to Assistant Corporation Counsel Amanda Rolon, who is licensed to practice law in the State of New York and is presently awaiting admission to the Southern District of New York.  Ms. Rolon is handling this matter under supervision and may be reached at (212) 356-2356 or arolon@law.nyc.gov.

[2]  Plaintiff was initially released from the Vernon Bain Center on February 27, 2020.  On March 6, 2020, plaintiff provided the undersigned with his updated contact information.  (See ECF No. 20.)  However, efforts to communicate with plaintiff at the telephone number provided by plaintiff were unsuccessful.  Upon researching the New York City Inmate Lookup, the undersigned learned that on March 17, 2020, plaintiff was reincarcerated to the Vernon Bain Center ("VCBC").  This office then communicated with a VCBC Social Services worker, Ms. Jeffers, who informed us that she could no longer facilitate calls with plaintiff because his housing unit is under quarantine restrictions.

By way of background, plaintiff filed the Complaint in this action on December 5, 2019, alleging, *inter alia*, that he was subjected to excessive force by employees of the New York City Police Department on two separate occasions. (ECF No. 2.)  Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), this Court ordered this office to ascertain the identities and service addresses of the John Doe NYPD Officers who allegedly responded to the incidents taking place at the Kimpton Muse Hotel. (ECF No. 5.)  On March 9, 2020, your Honor granted this office's first request for an enlargement of time to respond to the Valentin Order. (ECF Nos. 19 & 22.)

Unfortunately, to date, this office has been unable to ascertain the identities of the John Doe defendants.  This is in large part due, as the Court is aware, to the drastic change in circumstances.  On March 13, 2020, Mayor Bill de Blasio declared New York City to be in a state of emergency.  In light of pronouncements from government and judicial officials, associated policies, expert recommendations, and the continued spread of COVID-19, the New York City Law Department, along with the majority of employers in New York City and State, has advised that individuals should work from home as much as is practicable to ensure compliance with public policy directives, and to protect individuals from further community spread of the virus.  In order to ascertain the identities of the John Doe police officers and investigate the allegations of the complaint, records from the New York City Police Department are necessary.  However, at this time, the undersigned cannot obtain those documents, as the agents tasked with producing essential litigation documents from the New York City Police Department are unable to do so due to the health crisis.  Additionally, the unforeseen work from home mandate has impacted the undersigned's ability to complete defendant City's anticipated motion to dismiss within the time provided.

The work from home mandate has also created a number of challenges in terms of corresponding with incarcerated *pro se* plaintiffs.  At this time, corresponding with incarcerated *pro se* plaintiffs is difficult in the context of a work from home situation as sending correspondence would require defendants venturing out to local post offices, which is directly in conflict with the work from home mandate currently in place.  Accordingly, this office is unable to provide plaintiff with a copy of this letter or any other filings by mail at this time, but will provide plaintiff with a copy of all correspondence via mail once it becomes feasible.  Moreover, efforts to secure plaintiff's availability for the upcoming telephone conference have been unsuccessful due to recent quarantine measures taken at plaintiff's institution.

In light of the above considerations, this office respectfully requests that the Court impose a 90-day stay of this office's response to the Court's Valentin Order, and adjourn the initial conference to a later date that corresponds to the aforementioned stay.  Additionally, the undersigned requests that the Court extend defendant City's time to respond to the complaint until May 5, 2020.

The undersigned thanks the Court for its attention to this matter.

---

Additionally, to date, the undersigned has been unable to communicate with VCBC to coordinate the facilitation of the telephonic conference scheduled for April 23, 2020.

- 3 -

Respectfully submitted,
*Maria Fernanda DeCastro* /s/
*Senior Counsel*
Special Federal Litigation Division