

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Derek Lurch, Jr.,

                Plaintiff,

      -against-

City of New York, et al.,

                Defendants.

1:19-cv-11253 (AJN) (KHP)

**ORDER OF SERVICE**

**Katharine H. Parker, United States Magistrate Judge:**

      The City of New York has identified Brian Fornasar and Matthew Whiting as the officers involved in the November 2019 incident described in the complaint in this case.  (*See* ECF No. 65.)  Accordingly, their names shall be substituted for two of the John Doe officers identified in the complaint and the Clerk of Court shall add their names as Defendants to the docket.  Further, it is now appropriate for Plaintiff to effect service on these officers.  Because Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP"), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the amended complaint until the City identified the John Doe officers referenced in the initial complaint.  Given the circumstances, the Court hereby extends the time to serve until 90 days after the date the summons, referenced below, is issued.  If the complaint is not

served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)").

### Conclusion

To allow Plaintiff to effect service on Defendants Fornasar and Whiting through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the Defendants. The relevant service addresses to be used are included on page three below. The Clerk of Court is instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants. Further, as noted above, the Clerk of Court shall add the names of the officers as Defendants on the docket. Finally, **the Court also respectfully requests that the Clerk of Court send a copy of this Order to the pro se Plaintiff at his recently updated address.**

**SO ORDERED.**

Dated: February 25, 2021
       New York, New York

_____
Katharine H. Parker
United States Magistrate Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Officer Brian Fornasar, Shield No. 18203
   New York City Police Department
   18th Precinct
   306 West 54th Street
   New York, NY 10019

2. Officer Matthew Whiting, Shield No. 9652
   New York City Police Department
   18th Precinct
   306 West 54th Street
   New York, NY 10019