```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Derek Lurch, Jr.,

                Plaintiff,

       –v–

City of New York, et al.,

               Defendants.

19-cv-11253 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Presently before the Court are two motions to dismiss the Amended Complaint. The first was filed by Defendant Kimpton Muse Hotel.[1] The second was filed by Defendant City of New York. For the reasons that follow, the Kimpton Muse Hotel's motion to dismiss is GRANTED, and the City of New York's motion to dismiss is GRANTED.

## I.  Background

    The facts in this section are taken from the Amended Complaint and are assumed true for purposes of resolving the motions to dismiss. *See Thea v. Kleinhandler*, 807 F.3d 492, 494 (2d Cir. 2015).

    On the morning of October 13, 2019, Plaintiff Robert Lurch entered the lobby of the Kimpton Muse Hotel. Dkt. No. 21 ("Am. Compl.") at 7. As he was waiting for a guest of the hotel, Plaintiff had to use the bathroom and asked employees of the hotel where the bathroom

---

[1] The original motion to dismiss, which was denied as moot when Plaintiff amended the complaint, indicated that the motion was on behalf of the Kimpton Muse Hotel and the two unidentified hotel staff members who are listed as defendants. *See* Dkt. Nos. 15, 64. The motion to dismiss the Amended Complaint lists only the Hotel as the moving party. *See* Dkt. Nos. 31, 33.

1

was located. *Id.* While he was in the bathroom, an employee of the hotel asked him what he was doing. *Id.* Shortly thereafter, police officers knocked on the door and asked Plaintiff to come out. *Id.* He was told that he had to leave, as he was not a guest of the hotel, and he asked them how they knew that. *Id.* at 8. At that point, the police officers drew their taser guns on Plaintiff, and while the taser guns were on Plaintiff they forced him to leave the hotel. *Id.* As this was happening, a young woman attempted to intervene, and she was told by police officers to move. *Id.* Plaintiff left the hotel. *Id.*

At around 5:00 P.M. on November 30, 2019, Plaintiff again entered the Kimpton Muse Hotel and sat in the lobby in order to eat food that he had bought from a nearby McDonald's. *Id.* After eating, he went to the bathroom located in the lobby of the hotel. *Id.* at 8–9. While he was there, an employee of the hotel knocked on the door. *Id.* at 9. He subsequently heard another knock on the door, and a police officer informed Plaintiff that as he was not a guest, he would need to leave the hotel's premises. *Id.* He asked again how hotel employees and the police knew he was not a guest of the hotel, and, according to Plaintiff, he received only evasive answers. *Id.* He was then forced by the police officers to leave the hotel. *Id.* Plaintiff alleges that during both incidents, no one else was interrupted, asked to leave, or asked whether they were guests of the hotel. *Id.* at 18–19.

Plaintiff filed his *pro se* complaint on December 5, 2019. Dkt. No. 1. On February 6, 2020, Defendants Kimpton Muse Hotel and "Hotel Staff Member(s) that called law enforcement or 911 on plaintiff on both incidents" moved to dismiss the complaint. Dkt. No. 10. Plaintiff amended his complaint on March 6, 2020. Dkt. No. 21. On March 23, 2020, Defendant Kimpton Muse Hotel moved to dismiss the amended complaint. Dkt. No. 31. On July 9, 2020, Magistrate Judge Katherine H. Parker *sua sponte* extended Plaintiff's deadline to oppose the

Hotel's motion to dismiss. Dkt. No. 48. Judge Parker held an initial pretrial conference on July 22, 2020, where the motions to dismiss were discussed. Noting that Plaintiff had not yet filed his opposition to the Hotel's motion to dismiss, Judge Parker ordered the Kimpton Muse Hotel to re-serve their motion to dismiss on Plaintiff and she set an amended briefing schedule, extending Plaintiff's time to respond. Judge Parker also described to Plaintiff that there were free legal resources available to help *pro se* litigants. Dkt. No. 54. After Plaintiff updated his address, Dkt. No. 57, the Kimpton Muse Hotel re-served their motion to dismiss and its supporting papers on Plaintiff and filed proof on the public docket. Dkt. No. 58. Plaintiff never responded in writing to the Hotel's motion to dismiss the amended complaint.

On May 5, 2020, Defendant City of New York filed a motion to dismiss the amended complaint. Dkt. No. 39. That same day, the Court notified Plaintiff that if he intended to file an amended complaint, he must do so by June 26, 2020, setting the same deadline for Plaintiff's opposition. Dkt. No. 42. Plaintiff instead filed an opposition to Defendant City of New York's brief on July 2, 2020. Dkt. No. 47 ("Pl. Opp. Br."). On August 10, 2020, the City filed its reply brief. Dkt. No. 55.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff is not required to provide "detailed factual allegations" in the complaint. *Twombly*, 550 U.S. at 555. To survive a 12(b)(6) motion, however, a plaintiff must nonetheless assert "more than

3

labels and conclusions." *Id.* Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* When applying this standard, a Court must accept the allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor. *See ATSI Communs, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (Sotomayor, J.). The Court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555.

When a plaintiff is proceeding *pro se*, the Court holds the pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Boddie v. Schneider*, 105 F.3d 857, 860 (2d Cir. 1997) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). That is, the Court will liberally construe the complaint. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). Notwithstanding this, "the duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Kirk v. Heppt*, 532 F. Supp. 2d 586, 590 (S.D.N.Y. 2008) (alteration in original) (citation omitted). If a *pro se* plaintiff has not pled sufficient facts to state a claim that is plausible on its face, the Court must dismiss his complaint. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

Even if a plaintiff fails to oppose a motion to dismiss a complaint for failure to state a claim, "automatic dismissal is not merited." *Evans v. Aramark Food*, No. 14-CV-6469 (NSR), 2016 WL 1746060, at *2 (S.D.N.Y. Apr. 28, 2016). "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–323 (2d Cir. 2000). So the Court must apply the same standard "[a]s with all Rule 12(b)(6) motions," assuming the truth of a pleading's factual allegations and "test[ing] only its legal sufficiency." *Evans*, 2016 WL

4

1746060, at *2 (citing *McCall*, 232 F.3d at 322–23). "If a complaint is sufficient to state a claim on which relief can be granted on its face, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Accurate Grading Quality Assur., Inc. v. Thorpe*, No. 12-CV-1343 (ALC), 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013).

### III. Discussion

#### A. Kimpton Muse Hotel

Defendant Kimpton Muse Hotel moved to dismiss the Amended Complaint on March 23, 2021. Dkt. No. 31. Plaintiff never filed an opposition, despite having been given multiple opportunities to do so. Even if Plaintiff did not originally receive the motion to dismiss, Judge Parker extended his time to respond, ordered that the Kimpton Muse Hotel re-serve the motion and its supporting documents on him, and discussed with him the contents of the motion at the July 22, 2020 conference. Notwithstanding the lack of an opposition brief, motions to dismiss "assume the truth of a pleading's factual allegations and test only its legal sufficiency," so "although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000); *see also Zappin v. Collazo*, No. 19-CV-10573 (LGS), 2020 WL 5646496, at *4 (S.D.N.Y. Sept. 22, 2020). The Court will thus apply the appropriate legal standard and determine whether the Amended Complaint states a claim upon which relief could be granted. *See Moore v. City of New York*, No. 18-CV-496 (JPO), 2020 WL 4547223, at *3 (S.D.N.Y. Aug. 6, 2020).

The Hotel raises two points in its motion to dismiss. It first argues that the § 1983 claims against it that are predicated on constitutional violations cannot state a plausible claim for relief

5

because none of the allegations stated in the Amended Complaint plausibly establish that it was a "state actor." Dkt. No. 33 ("Kimpton Br.") at 5–10. It also argues that Plaintiff has not stated a plausible public accommodations discrimination claim under 42 U.S.C. § 2000a because the allegations of race discrimination are too conclusory and lacking in sufficient factual detail. *Id.* at 10–11.

The Court first addresses Plaintiff's § 1983 claim. Under the state action doctrine, "the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948); *see also Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). There are limited circumstances in which actors may be held liable for constitutional violations. The Supreme Court recently articulated three such exceptions to the general rule of the state action doctrine: (i) "when the private entity performs a traditional, exclusive public function;" (ii) "when the government compels the private entity to take a particular action;" or (iii) "when the government acts jointly with the private entity." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (citations omitted). While the Supreme Court did not indicate that those circumstances exhaust the possibilities, their limited number evinces that holding a private actor liable for constitutional violations is a high bar.

The first circumstance—whether the private entity "performs a traditional, exclusive public function," *Manhattan Cmty. Access Corp.*, 139 S. Ct. at 1928—does not apply here. "[T]o qualify as a traditional, exclusive public function within the meaning of our state-action precedents, the government must have traditionally *and* exclusively performed the function." *Id.* at 1929. The allegations against the Hotel do not support such a conclusion. At most, the

6

allegations in the Amended Complaint point to the Hotel's actions in operating the hotel and its bathroom, and it "would not follow that decisions made in the day-to-day administration of a [hotel] are the kind of decisions traditionally and exclusively made by the sovereign for and on behalf of the public." *Blum v. Yaretsky*, 457 U.S. 991, 1012 (1982).

Nor does the second circumstance—"when the government compels the private entity to take a particular action," *Manhattan Cmty. Access Corp.*, 139 S. Ct. at 1928—apply. The Court construes Plaintiff's complaint as alleging that because the Hotel is subject to governmental regulation and governmental bodies allow it to operate, then the hotel can be held liable for violations of the equal protection clause of the Fourteenth Amendment. *See* Am. Compl. at 17. But the "mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment," even when "the regulation is extensive and detailed." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974). And even then, no allegations in the Amended Complaint support the proposition that the government "compel[led]" any action. Rather, the allegations are that hotel employees voluntarily called the police to have Plaintiff removed from the premises. As a result, the second circumstance is also unavailing.

Plaintiff's claim appears to hinge on the third circumstance—"when the government acts jointly with the private entity." *Manhattan Cmty. Access Corp.*, 139 S. Ct. at 1928. Plaintiff made such an argument at the July 22, 2020 conference before Judge Parker. The allegations against the Hotel, however, are too conclusory to support such an argument. At most, the allegations are that hotel employees attempted to remove Plaintiff from the premises and that they called the police. Merely calling the police is insufficient to give rise to § 1983 liability, insofar as calling the police, by itself, does not establish that the private actor and the police

7

acted jointly.  *See Rose v. City of Waterbury*, No. 3:12-CV-291 (VLB), 2013 WL 1187049, at *5 (D. Conn. Mar. 21, 2013) (collecting cases); *Johns v. Home Depot U.S.A., Inc.*, 221 F.R.D. 400, 405 (S.D.N.Y. 2004) (Chin, J.); *cf. Bloom v. Town of New Windsor Police Dep't*, 234 F.3d 1261 (2d Cir. 2000) (summary order) ("The district court properly held that Leonardo's call to the police to report potential animal abuse did not constitute state action that would render a private citizen liable under § 1983.").  And while Plaintiff alleges that the hotel employees and the police "conspired" to violate the Plaintiff's constitutional rights, Am. Compl. at 18–19, the allegations to that effect are too conclusory to survive a motion to dismiss, even after taking into account the special solicitude owed to *pro se* plaintiffs.  Plaintiff alleges no facts to support such a conspiracy, other than that the hotel employees called the police to have Plaintiff removed from the premises.  That alone is insufficient to plausibly allege state action, and Plaintiff's § 1983 claim must therefore be dismissed.

The Court now turns to Plaintiff's public accommodations discrimination claim.  It agrees with the Hotel that the claims alleged in the Amended Complaint are too conclusory to survive a motion to dismiss.  "A plaintiff bringing a claim under Title II [of the Civil Rights Act of 1964] must allege facts showing (1) that he was deprived of equal use and enjoyment of a place of public accommodation and (2) discriminatory intent." *Renxiong Huang v. Minghui.org*, No. 17-CV-5582 (ER), 2018 WL 3579103, at *3 (S.D.N.Y. July 25, 2018) (citing *Coward v. Town & Village of Harrison*, 665 F. Supp. 2d 281, 307 (S.D.N.Y. 2009)).  "At the motion to dismiss stage, 'the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent.'" *Guichardo v. Langston Hughes Queens Libr.*, No. 15-CV-2866 (MKB), 2015 WL 13227995, at *4 (E.D.N.Y. Nov. 20, 2015) (quoting *Gant v. Wallingford Bd. of Educ.*,

69 F.3d 669, 673 (2d Cir. 1995)); *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104–06 (2d Cir. 2001) (applying the same standard for discrimination claims brought under 42 U.S.C. § 1981 and 42 U.S.C. § 2000a).

The Amended Complaint fails to plausibly establish "circumstances giving rise to a plausible inference of racially discriminatory intent." *Guichardo*, 2015 WL 13227995, at *4; s*ee also* Kimpton Br. at 10–11. Although Plaintiff states the conclusion that he was treated unfairly as a result of being a black man, he does not support that conclusion with any factual content. Plaintiff alleges that during both incidents, no one else was removed from the hotel lobby and bathroom, that no one else was asked if they were guests of the hotel, and that no one else was interrupted while they were using the bathroom. *See* Am. Compl. at 18–19. He claims that he was targeted for differential treatment because of his race. *Id.* Even given the special solicitude owed to *pro se* plaintiffs, however, these allegations fail to surpass the plausibility standard because they lack non-conclusory facts to support them. Plaintiff's claim that he was treated differently than others in the hotel, without more, does not plausibly allege the existence of circumstances giving rise to a plausible inference of racially discriminatory intent. "It is well settled in this Circuit that a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)." *Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978); *see also Bentley, Jr. v. Mobil Gas Station*, 599 F. App'x 395, 396 (2d Cir. 2015) ("[A] plaintiff's naked allegation that the defendant acted based on the plaintiff's race and color is too conclusory to survive a motion to dismiss."). Lacking any factual basis in the pleadings, the claim that hotel employees acted with racially discriminatory intent is too conclusory to survive, and the facts alleged in the Amended Complaint fail to plausibly establish

9

"circumstances giving rise to a plausible inference of racially discriminatory intent.'" *Guichardo*, 2015 WL 13227995, at *4.

To summarize, the facts alleged in the Amended Complaint, read liberally and with the special solicitude owed to *pro se* litigants, fail to plausibly establish that the Kimpton Muse Hotel can be held liable under § 1983. None of the allegations even plausibly support that the actions they took rise to such a level that they can be held liable as state actors. Furthermore, the allegations in the Amended Complaint cannot support any plausible inference of racially discriminatory intent in public accommodations, as any allegations that go to that point are fatally conclusory. Thus, the Hotel's motion to dismiss is GRANTED.

### B. City of New York

The Court turns to the City of New York's motion to dismiss. The City argues that Plaintiff's state law claim is procedurally barred and that he has failed to state a claim for municipal liability. *See* Dkt. No. 40 ("City Br."). Plaintiff makes two arguments in his opposition brief: He claims that he has not brought any state law claims against the City, and he argues that his factual allegations suffice to state a claim for municipal liability. Pl. Opp. Br. at 1–4.

First, the Court does not discern a state law claim in the Amended Complaint. *See generally* Am. Compl. And in light of Plaintiff's assertion that he did not intend to bring a state law claim against the City, Pl. Opp. Br. at 1, the Court grants the City's motion to dismiss any state law claims that may have been brought.

Second, the Court agrees with the City that, even read liberally, the Amended Complaint fails to state a claim for municipal liability. Municipal liability claims like Plaintiff's are governed by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). To state a *Monell* claim for

municipal liability under Section 1983, a plaintiff must plausibly allege "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008).  The fifth element has two separate requirements: a plaintiff must plausibly allege both the existence of a municipal policy and that the policy caused (i.e., was the "moving force" behind) plaintiff's injury.  *Id.* at 37–38.  The "moving force" requirement is the equivalent of proximate cause, *Cash v. County of Erie*, 654 F.3d 324, 341–42 (2d Cir. 2011), and is generally a question of fact, *Jeffes v. Barnes*, 208 F.3d 49, 61 (2d Cir. 2000).  The official policy requirement, meanwhile, may be met by "a practice so persistent and widespread, or permanent and well settled[,] as to constitute a custom or usage with the force of law and to imply the constructive knowledge of policymaking officials," or by "a failure to train or supervise subordinates amount[ing] to deliberate indifference to the rights of those with whom [the municipality's employees] come into contact."  *Felix v. City of New York*, 344 F. Supp. 3d 644, 653 (S.D.N.Y. 2018) (collecting cases).

Even read liberally, the Amended Complaint fails to plausibly allege the existence of an official policy of the municipality or a causal link between the deprivation of constitutional rights that Plaintiff alleges and any official policy or custom.  To begin with, the Amended Complaint makes no reference to any policy or custom, let alone so widespread as to form the basis of a municipal liability claim.  The facts alleged in the Amended Complaint focus exclusively on the two incidents that Plaintiff experienced at the Hotel.  *See generally* Am. Compl.  Allegations of two incidents, standing alone, "[fall] far short of showing a policy, custom, or usage of officers." *Jones v. Town of E. Haven*, 691 F.3d 72, 85 (2d Cir. 2012) (noting that three incidents were insufficient).  In his opposition brief, Plaintiff expounds on his argument by pointing to the 2020

11

protests relating to police brutality as evidence of a policy or custom that might plausibly sustain a municipal liability claim. *See* Pl. Opp. Br. at 1–3. He also cites two cases that he has brought against the City and which are currently pending. *Id.* "[A]s a general rule, . . . courts should not consider factual allegations made for the first time in opposition papers." *Paul v. Bailey*, No. 09-CV-5784 (RO), 2013 WL 2896990, at *5 (S.D.N.Y. June 13, 2013). But "[c]onsistent with the Court's obligation to construe claims made by *pro se* litigants liberally," the Court *may* "consider all of Plaintiff[']s factual allegations, including those made in opposition papers, as further amending his [Complaint]." *Id. See also Ashley v. Gonzalez*, No. 19-CV-6282 (AJN), 2020 WL 7027501, at *4 (S.D.N.Y. Nov. 30, 2020).

Even accepting those allegations as part of Plaintiff's complaint, they are insufficient to plausibly plead a municipal policy or custom. The Court construes Plaintiff as arguing that the City did not sufficiently respond to a pattern of misconduct, at least prior to the 2020 protests. And "*Monell*'s policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions." *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007). Construing Plaintiff's arguments liberally, however, the Court nonetheless concludes that the allegations in his opposition brief are entirely conclusory, pointing to selected isolated incidents as indicative of a policy or custom that is not otherwise pled or alleged. "[T]he mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Montero v. City of Yonkers, New York*, 890 F.3d 386, 403–04 (2d Cir. 2018) (citing *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993). None of Plaintiff's allegations rise to that level, even construing the allegations in the light most favorable to the

Plaintiff. His reference to two other pending cases in which he and the City are on opposite sides at most alleges several isolated incidents, which by themselves are insufficient. *Jones*, 691 F.3d at 85. Furthermore, the generalized reference to the protests, standing alone, also fail to provide a plausible basis on which to infer the existence of such a policy or custom. Along similar lines, Plaintiff has not alleged any facts, beyond conclusory assertions, to support the idea that his alleged injuries were caused by any policy or custom. "Baldly asserting that Plaintiff's injuries are the result of the City's policies does not show this Court what the policy is or how that policy subjected Plaintiff to suffer the denial of a constitutional right." *Cuevas v. City of New York*, No. 07-CV-4169 (LAP), 2009 WL 4773033, at *4 (S.D.N.Y. Dec. 7, 2009).

Moreover, to the extent that Plaintiff intends to argue that the City's failure to train or supervise amounted to deliberate indifference, that also fails on the basis that the facts alleged in the complaint and in Plaintiff's opposition brief are simply too conclusory to support such a theory. There are three elements to such a claim. The plaintiff must (1) "show that a policymaker knows 'to a moral certainty' that her employees will confront a given situation;" (2) "show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation;" and (3) "show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." *See Jenkins v. City of New York*, 478 F.3d 76, 94 (2d Cir. 2007) (citations omitted). Plaintiff's allegations are too conclusory to satisfy any of those elements. He references vaguely the 2020 protests as evidence that a policymaker knew "to a moral certainty" that police officers would confront a situation akin to the one that Plaintiff found himself, but he points to no facts to support such a claim. Dkt. No. 47. And notwithstanding certain conclusory allegations regarding the 2020 protests and

police behavior, Plaintiff does not allege any facts to support that the failure to train or supervise "frequently cause" the deprivation of New Yorkers' constitutional rights. "While [Plaintiff's] allegations are heavy on descriptive language, they are light on facts." *Cuevas*, 2009 WL 4773033, at *4. The Court cannot "re-write" Plaintiff's pleadings to allege facts that Plaintiff has not pled. *Kirk v. Heppt*, 532 F. Supp. 2d 586, 590 (S.D.N.Y. 2008).

In light of this, and despite the Court's cognizance of Plaintiff's *pro se* status, the Court GRANTS the City's motion.

### IV.     Conclusion

For the reasons stated above, Defendant Kimpton Muse Hotel's motion to dismiss is GRANTED and the claims against it are dismissed with prejudice. Defendant City of New York's motion to dismiss is GRANTED and the claims against it are dismissed with prejudice. This resolves Dkt. Nos. 31 and 39.

The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Plaintiff and any remaining Defendants who have been served are directed to proceed under the discovery schedule set by Magistrate Judge Parker. The Clerk of Court is respectfully directed to mail a copy of this memorandum opinion and order to the Plaintiff and note its mailing on the docket.

SO ORDERED.

Dated: March 31, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge