

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Derek Lurch, Jr.,

                Plaintiff,

-against-

City of New York, et al.,

                Defendants.

1:19-cv-11253 (AJN) (KHP)

**ORDER OF SERVICE & ORDER ON MOTION TO STAY**

**Katharine H. Parker, United States Magistrate Judge:**

**Order of Service:**

      The City of New York has identified Officers Christopher Freda and Paul Clark as the officers involved in the October 13, 2019 incident described in the complaint in this case. Accordingly, their names shall be substituted for two of the John Doe officers identified in the complaint and the Clerk of Court shall add their names as Defendants to the docket. Further, it is now appropriate for Plaintiff to effect service on these officers. Because Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP"), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the amended complaint until the City identified the John Doe officers referenced in the initial complaint. Given the circumstances, the Court hereby extends the time to serve until 90

days after the date the summons, referenced below, is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)").

**Motion to Stay:**

On May 6, 2021 counsel for the officer Defendants filed a letter with the Court explaining that the New York City Law Department expects to file a motion to dismiss Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6) on behalf of all four officer defendants – *i.e.*, the two officers recently identified as well as the two officers who have already been served with the summons and complaint. Since the alleged bases for dismissal for all four officers will likely overlap, given the nature of Plaintiff's claims, the Court finds that Defendant Whiting's and Defendant Fornasar's time to respond to the operative complaint should be stayed until after the newly identified officers are served. This will enable the Law Department to file a single consolidated motion on behalf of all four officers and will avoid duplicative motion practice. Accordingly, the officers' time to answer or otherwise object to the operative complaint is hereby stayed until 30 days after officers Freda and Clark are served.

Defendants' letter also elaborates on Plaintiff's dilatory conduct and failure to participate in discovery in this case. The Court also notes that Plaintiff failed to attend the previously scheduled case management conference in this case. Plaintiff is warned that failure

to provide responses to document requests and interrogatories and/or failure to attend future Court conferences will result in sanctions, including dismissal of his case for failure to prosecute.

### Conclusion

To allow Plaintiff to effect service on Defendants Freda and Clark through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the Defendants. The relevant service addresses to be used are included on page three below. The Clerk of Court is instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants. Further, as noted above, the Clerk of Court shall add the names of the officers as Defendants on the docket.

Additionally, the Court hereby GRANTS Defendants' letter motion to stay (ECF No. 88) for the reasons set forth above. All of the officer Defendants' time to answer or otherwise object to the operative complaint is hereby stayed until 30 days after officers Freda and Clark are served.

Finally, **the Court also respectfully requests that the Clerk of Court send a copy of this Order to the pro se Plaintiff at his latest address of record.**

      **SO ORDERED.**

Dated:   May 7, 2021
             New York, New York

*Katharine H. Parker*

                                  Katharine H. Parker
                               United States Magistrate Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Officer Christopher Freda, Shield No. 14764
   New York City Police Department
   Midtown North 18th Precinct
   306 West 54th Street
   New York, NY 10019

2. Officer Paul Clark, Shield No. 13833
   New York City Police Department
   Midtown North 18th Precinct
   306 West 54th Street
   New York, NY 10019