UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Robert Derek Lurch, Jr.,

             Plaintiff,

–v–

The City of New York, et al.,

             Defendants.

19-cv-11253 (AJN)

MEMORANDUM
OPINON & ORDER

ALISON J. NATHAN, District Judge:

    This action was filed on December 5, 2019. Motions to dismiss were filed by Defendants Kimpton Muse Hotel and the City of New York on March 23, 2020 and May 5, 2020, respectively. This Court granted both motions on March 31, 2021. Dkt. No. 78. On April 22, 2021 the Unnamed Staff at the hotel filed a renewed motion to dismiss. Dkt. No. 85. Plaintiff's opposition was due on May 14, 2021, but he failed to file any opposing papers by the deadline. Dkt. No. 93. On May 18, 2021, Plaintiff failed to appear for a remote case management conference. *See* Minute Entry, May 18, 2021. In light of Plaintiff's *pro se* status, Judge Parker extended the deadline for Plaintiff's response to June 14, 2021 but warned that failure to respond could result in dismissal for failure to prosecute. Dkt. No. 93. Plaintiff failed to respond. On August 3, 2021, the Court ordered Plaintiff to proceed with the prosecution of this action or the Court would dismiss the action with prejudice for failure to prosecute. Dkt. No. 97. To date, Plaintiff has not responded and subsequent attempts to send filings to Plaintiff have resulted in returned mail.

    "Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court

1

order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996)).

Applying the five factors set forth in *Baptiste*, the Court concludes that dismissal under Rule 41(b) for failure to prosecute is warranted. First, Plaintiff has repeatedly failed to comply with the Court's orders despite numerous extensions—he failed to appear for a case management conference. failed to respond to Judge Parker's May 24 order and failed to respond to this Court's August 3 order. Second, Plaintiff received abundant notice of the potential for dismissal with prejudice. Plaintiff was "warned that failure to respond by September 10, 2021, will result in dismissal of his claims for failure to prosecute." Dkt. No. 97. Judge Parker's May 24 order also warned that failure to respond could result in dismissal. Dkt. No. 93. Third, there has been relatively little prejudice to Defendant by the ongoing delay in proceedings. *But see Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) (noting that prejudice may be presumed where delay is unreasonable). But even setting this factor aside, the remainder clearly favor dismissal. Under the fourth factor, this Court endeavors to resolve actions pending before it as quickly as possible and, consistent with the Civil Justice Reform Act, to move cases along efficiently. The Court has provided Plaintiff with multiple opportunities to be heard, but Plaintiff has not been communicative. As other courts have noted, "[i]t is not the function of this Court to chase

dilatory plaintiffs while other litigants in this district seek access to the courts." *Holcombe v. Skupien*, No. 14-cv-1448 (PAC), 2014 WL 6879077, at *3 (S.D.N.Y. Dec. 5, 2014) (quoting *Hibbert v. Apfel*, No. 99-cv-4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

Finally, the usual sanction for failure to prosecute under Rule 41(b) is dismissal with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). The Court is unaware of how a lesser sanction than dismissal would prompt Plaintiff to comply with the Court's orders given that Plaintiff has not responded to the Court's orders or otherwise communicated an intention to continue this case—even after the Court provided repeated, express warnings that Plaintiff faced dismissal. *See Melendez v. City of New York*, No. 12-cv-9241 (AJN), 2014 WL 6865697, at *3 (S.D.N.Y. Dec. 4, 2014).

The Court therefore dismisses this case with prejudice for failure to prosecute. The Clerk of Court is respectfully directed to close this case, to mail a copy of this Memorandum Opinion & Order to the *pro se* plaintiff, and to note that mailing on the docket.

The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: October 4, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge

3